Reese, J.,
delivered the opinion of the court.
This is an action commenced before a justice of the peace upon a lost note. The proceedings before the justice and in the county court were very irregular, but we have not deemed it material to look into those proceedings farther than to see *248 that there was a judgment before the justice, which was not merely void, but that the proceedings before him were of a character to lay ground for a jury trial in the circuit court, when the cause was brought there by certiorari. Subsequent to the filing of the record in the circuit court, pursuant to the' writ of certiorari, proceedings took place, upon which two questions arise, which have been discussed before us.-
1st. AttheDecember term, 1836, two years after the award of the certiorari, and subsequent to one or two trials in the circuit court, the defendant, upon affidavit filed, moved the court for a rule upon Hiram K. Turk, for whose use the suit is brought, to show by what authority he used the name of James Wilson, in instituting and carrying on the suit. The rule was refused by the court upon the ground, that the application was made too late, and the question is, was this refusal for the reason assigned correct? And we think it was; not because such an application can in no instance be made after a trial in the cause, or after the case has for a considerable time been before the court, if the affidavit show the reason for such delay, as that the grounds upon which the application is' made, came recently to the knowledge of the party. In this case it does not appear from the affidavit of William Turk, but that for two years before he may have questioned the authority of Hiram K. Turk, to use the name of Wilson. The practice would be most inconvenient to permit a party, term after terra, to contest the matter of the suit upon other grounds, and at the last moment, without excuse for the delay, to call upon his adversary to show the authority asked for in this case.
2d. The defendant below insisted upon the statute of limitations of six years. The affidavit of Hiram K. Turk, before the justice, when the same was issued, described the instrument which had been lost, and was then sued on as a note dated in 1820, and due in 1821. There was no statement or intimation in the affidavit, or any where in the proof, that the lost instrument had a seal, or was not what the affidavit called it, a note or unsealed instrument. Upon this point the court instructed the jury that if the debt sued for was due by note, not under seal, the statute of limitations would bar the *249 claim; if due by note under seal, the statute of limitations would not bar the plaintiff’s claim. That the legal import 'the word “note” in the warrant and affidavit of the plaintiff was descriptive of a paper not under sed. The charge of the court was certainly correct. The jury upon this charge, in the absence of all testimony whatever, to incline the mind to depart from the legal import of the term note, could not, except arbitrarily and capriciously, have found it to have had a seal. As they did so, however, the court should have granted a new trial upon that ground. See 3 Yer. Rep. 321, also Crowder vs. Nicholson, 9 Yer. Rep. 454. Let the judgment be reversed and a new trial granted.
Judgment reversed.